UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATURALE & CO. and HAMTRAMCK
INVESTMENT GROUP, INC.

    Plaintiffs,

vs

CITY OF HAMTRAMCK BUILDING
OFFICIAL BRUCE ECK, in his individual
capacity, and THE CITY OF HAMTRAMCK,
Jointly and Severally,

    Defendants.

Case No.: 4:21-cv-12451

Hon. Shalina D. Kumar

KEVIN ERNST (P44223)
HANNAH FIELSTRA (P82101)
Attorneys for Plaintiffs
645 Griswold, Suite 4100
Hamtramck, MI 48226
(313) 965-5555
kevin@ecllaw.firm
hanna@ecllaw.firm

GREGORY I. THOMAS (P32488)
MICHELLE A. THOMAS (P35135)
DICKIE, MCCAMEY, & CHILCOTE, PC
Attorneys for Bruce Eck
89 Kercheval Avenue, Suite 200
Grosse Pointe Farms, MI 48236
(313) 308-2030 / (888) 811-7144 - fax
gthomas@dmclaw.com
mathomas@dmclaw.com

**MOTION ON BEHALF OF THE DEFENDANT ECK, PURSUANT TO *L.R. 7.1(h)(2),* SEEKING REHEARING OF THE OPINION AND ORDER [ECF NO. 30] DENYING THE DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO *FED. R. CIV. PRO 12(b)(6)* [ECF NO.15]**

Defendant Bruce Eck, by and through his attorneys, Dickie, McCamey & Chilcote, and pursuant to *L.R. 7.1(h)(2),* moves for rehearing of the Opinion and Order denying the Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6)* and states as follows:

1

1. On November 18, 2021, Plaintiffs Naturale & Co. ("Naturale") and Hamtramck Investment Group, Inc. ("HIG"), initiated the instant civil rights action pursuant to *42 U.S.C. § 1983* and *28 U.S.C. § 1331* against the City of Hamtramck and Bruce Eck seeking injunctive relief, actual and punitive damages, and costs and attorney fees [Complaint, ECF No. 1, PgID. 110].

2. Plaintiffs' allegations against the Defendant Eck assert violation of the substantive due process guarantees afforded under the *14th Amendment* to the *U.S. Constitution* and arise out of Mr. Eck's acts and omissions as an official in Hamtramck's Building Dept. [*Id.*, ¶¶ 4, 27, 29-30, 36, 38, PgID. 2, 6, 7].

3. Specifically, Plaintiffs claim that, in September of 2021, Mr. Eck acted arbitrarily and capriciously by declining to issue certificates of occupancy for buildings that Plaintiffs intended to use as marijuana establishments for the reason that Plaintiffs had failed to obtain licenses from the MRA prior to February 12, 2021 [*Id.*, ¶¶ 27, 30, 36, 38, PgID. 6, 7].

4. According to Plaintiffs, by denying certificates of occupancy, Mr. Eck deprived Plaintiffs of constitutionally protected property interests in owning and operating retail marijuana establishments in Hamtramck [*Id.*, ¶¶ 35-36, PgID. 7].

5. Plaintiffs do <u>not</u> allege that Bruce Eck engage in physical abuse or physical violation of Plaintiffs' rights of privacy or bodily security.

6. Plaintiffs predicate their claim of a constitutionally protected property interest upon assertions that:

2

- they complied with all other relevant municipal rules and regulations regarding applications for a local marijuana establishment license general building, electrical, mechanical, and plumbing permits; and,

- municipal employees, other than Mr. Eck, had assured Plaintiffs that Hamtramck would accept their applications for licenses for marijuana establishments.

[*Id.*, ¶¶ 7, 10-16, 19-21, 23, 26, 31, 32, PgID. 3-6].

7.  Plaintiffs do <u>not</u> allege that their marijuana establishments were in operation or substantially completed on or before February 12, 2021.

8.  Plaintiffs do <u>not</u> allege that they had received licenses from the MRA on or before February 12, 2021.

9.  Plaintiffs <u>admit</u> that they did not obtain a MRA license because they did not fulfill preconditions in the form of MRA's receipt of a certificate of occupancy; and, MRA's own inspection and approval of the property [*Id.*, ¶ 29, PgID. 6].

10.  As a matter of controlling law, Plaintiffs fail to state substantive due process claims against the Defendant Eck upon which relief may be granted.

11.  Therefore, on December 10, 2021, the Defendant Eck moved for the dismissal of Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6)* [ECF No. 15].

12.  On July 13, 2022, the Court entered an Opinion and Order Denying the Defendant

3

Eck's Motion to Dismiss [ECF No. 30].

13. The Defendant Eck respectfully submits that, by denying his Motion to Dismiss, the Court made mistakes of fact and law, the correction of which, require the dismissal of Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6).*

14. Specifically, the Court incorrectly analyzed the facial plausibility of Plaintiffs' alleged constitutionally protected property interest by:

- characterizing the Plaintiffs' claimed property interests as involving rights to certificates of occupancy <u>completely divorced from the **intended use** of their properties as commercial retail marijuana establishments</u> because, in Michigan, the issuance of <u>a certificate of **use** and occupancy</u>, as it is more accurately entitled, is <u>directly tied to and connected</u> with the particular intended use;

- using this characterization to distinguish the facts here from the plethora of cases cited by Defendants which recognize that there is no constitutionally protected right to use, grow, possess, sell, distribute, **or** operate a business involving, marijuana;

- relying heavily on <u>factually distinguishable cases</u> instead of <u>apt and controlling</u> precedent; and,

- <u>failing</u> to acknowledge the <u>undisputed **and dispositive** fact</u> that Plaintiffs were <u>first time applicants</u> for retail marijuana licenses and certificates of occupancy.

15. Even assuming that an unconstitutional deprivation of a protected property

4

interest is well-plead, the Court <u>clearly erred by absolutely **failing** to consider</u> Defendant Eck's alternative and affirmative argument that Plaintiffs' substantive due process <u>claims are facially implausible</u> given the <u>total absence</u> of **specific** allegations of arbitrary and capricious acts and omissions on the part of executive official Eck, **separate and distinct** from other Hamtramck executive and legislative officials.

16.     <u>As a matter of law</u>, Plaintiffs have <u>not</u> plead facially plausible claims of the <u>required</u> arbitrary and capricious conduct on the part of the Defendant Eck because:

- there are <u>no allegations</u> that executive official Bruce Eck engaged in physical abuse or physical violation of Plaintiffs' rights of privacy or bodily security or otherwise committed such egregious, brutal, and offensive conduct amounting to a total abuse of power or oppression; <u>rather</u>,

- Plaintiffs specifically and explicitly allege that, while performing executive ministerial and administrative duties in administrating and enforcing *Hamtramck Ordinance 2021-01* and *M.C.L. § 125.1513,* Eck denied the requested certificates of occupancy because Plaintiffs' admittedly failed to comply with the local and state law [Complaint, ECF No. 1, ¶¶ 4, 27, 29-30, 35-36, 38, PgID. 2, 6, 7]; and,

- Plaintiffs' own allegations are *per se* fatal to any theory of arbitrary and capricious conduct for the purposes of substantive due process.

17.     The Court also clearly erred by <u>failing to address</u> legal authority recognizing that the substantive due process claims against Eck, being predicated <u>exclusively</u> upon the mere

5

ministerial denial of a certificate of occupancy, <u>are frivolous</u>.

18. Therefore, pursuant to *L.R. 7.1(h)(2),* and for the reasons set forth in this motion as well as the accompanying brief, the Defendant Eck respectfully requests that the Court correct the errors appearing in the Opinion and Order entered on July 15, 2022 [ECF No. 30], by issuing an Opinion and Order granting the dismissal of Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6).*

19. Counsel for Plaintiff was requested, but declined, to concur in the relief sought in this motion.

                                    Respectfully submitted,

                                    /s/ Michelle A. Thomas
                                    ***DICKIE, McCAMEY & CHILCOTE,***
                                    Attorneys for Bruce Eck
                                    89 Kercheval Ave., Suite 200
                                    Grosse Pointe Farms, MI 48236
                                    313.308.2041 (phone)
                                    888.811.7144 (fax)
                                    mathomas@dmclaw.com
                                    P35135

Dated: July 21, 2022

## CERTIFICATE OF SERVICE

     I hereby certify that on July 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notice of such filing to the following: Plaintiffs' and Defendants' Counsel and I hereby certify that I have mailed by U.S. Mail the document to the following non-ECF participants: None.

                                    */s/ Lesli A. Dunham*
                                    Legal Assistant

14773939.1

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATURALE & CO. and HAMTRAMCK
INVESTMENT GROUP, INC.

    Plaintiffs,

vs

CITY OF HAMTRAMCK BUILDING
OFFICIAL BRUCE ECK, in his individual
capacity, and THE CITY OF HAMTRAMCK,
Jointly and Severally,

    Defendants.

Case No.: 4:21-cv-12451

Hon. Shalina D. Kumar

---

| KEVIN ERNST (P44223) | GREGORY I. THOMAS (P32488) |
|---|---|
| HANNAH FIELSTRA (P82101) | MICHELLE A. THOMAS (P35135) |
| Attorneys for Plaintiffs | DICKIE, MCCAMEY, & CHILCOTE, PC |
| 645 Griswold, Suite 4100 | Attorneys for Bruce Eck |
| Hamtramck, MI 48226 | 89 Kercheval Avenue, Suite 200 |
| (313) 965-5555 | Grosse Pointe Farms, MI 48236 |
| kevin@ecllaw.firm | (313) 308-2030 / (888) 811-7144 - fax |
| hanna@ecllaw.firm | gthomas@dmclaw.com |
| | mathomas@dmclaw.com |

**BRIEF IN SUPPORT OF THE MOTION ON BEHALF OF THE DEFENDANT ECK, PURSUANT TO *L.R. 7.1(h)(2),* SEEKING REHEARING OF THE OPINION AND ORDER [ECF NO. 30] DENYING THE DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO *FED. R. CIV. PRO 12(b)(6)* [ECF NO.15]**

14773956.1

## **ISSUE PRESENTED:**

By denying the Defendant Eck's Motion to Dismiss, did the Court make mistakes of fact and law, the correction of which, require the dismissal of Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6)*?

## **CONTROLLING AUTHORITY**

*E. D. Mich. L.R. 7.1(h)(2)*

*Hansmann v Fid. Invs. Institutional Servs. Co., 326 F.3d 760 (6th Cir. 2003)*

*DiPonio Constr. Co. v Int'l Union of Bricklayers & Allied Craftworkers – Local 9, 739 F. Supp. 2d 986 (E.D. Mich. 2010)*

*M.C.L. §125.1513*

*Saginaw Housing Comm'n v Bannum, Inc., 2012 U.S. Dist. LEXIS 13320 (W.D. Mich. No. 08-12148, 2/13/12)*

*City of Wyoming v Kragf, 2006 Mich. App. LEXIS 618 (No. 255836, 3/9/06)*

*Belmarez v Devon, 2006 Mich. App. LEXIS 910 (No. 263279, 3/30/06)*

*River North Props., LLC v City and County of Denver, 2014 U.S. Dist. LEXIS 178206 (D. Colo. No. 13-cv-01410-CAN-CBS, 12/30/14)*

*Salazar v City of Adelanto, 2020 U.S. Dist. LEXIS 17955 (C.D. Colo. No. E.D. CV 19-2333-PA-SP, 8/31/20)*

*Palmer v Mont. HHS, 2021 U.S. Dist. LEXIS 253515 (D.C. Mont. No.CV 21-38-BLG-SPW-TJC, 12/14/21)*

*Sequin v Sterling Hgts, 968 F.2d 584 (6th Cir. 1992)*

*Dorman v Twp. of Clinton, 269 Mich. App. 638, 714 N.W.2d 350 (2006)*

*Board of Regents v Roth, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)*

*Women's Med. Prof'l Corp v Baird, 438 F.3d 595 (6th Cir. 2010)*

*Wojcik v City of Romulus, 257 F. 3d 600 (6th Cir. 2001)*

*Sanderson v Greenhills, 726 F. 2d 284 (6th Cir. 1984)*

*Shamie v Pontiac, 620 F. 2d 118 (6th Cir. 1980)*

*Morse v Liquor Control Comm'n*, 319 Mich. 52, 29 N.W.2d 316 (1947)

*COEUS, LLC v City of Walled Lake*, 2022 Mich. App. LEXIS 391 (No. 353844, 1/30/22)

*Wong v City of City of Riverview*, 126 Mich. App. 589, 337 N.W. 2d 569 (1983)

*City of Sacramento v Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998)

*Collins v City of Harker Heights*, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed. 2d 261 (1992)

*Guertin v State*, 912 F.3d 907 (6th Cir. 2019)

*Greenholtz v Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L. Ed. 2d 668 (1979)

*Meachum v Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed. 2d 451 (1976)

*EJS Props. v Toledo*, 698 F.3d 845 (6th Cir. 2012)

*Hunt v Sycamore Cmty Sch. Dist. Bd. of Educ.*, 542 F.3d 529 (6th Cir. 2008)

*Lillard v Shelby Cnty Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)

*Mansfield Apt. Owners Ass'n v Mansfield*, 988 F. 2d 1469 (6th Cir. 1993)

*Cassady v Tackett*, 938 F.2d 693 (6th Cir. 1991)

*Braley v Pontiac*, 906 F.2d 220 (6th Cir. 1990)

*Webb v McCullough*, 828 F.2d 1151 (6th Cir. 1987)

*Nectow v Cambridge*, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 2d (1928)

*City of Cuyahoga Falls. Ohio v Buckeye Comm. Hope Foundation*, 538 U.S. 188, 123 S.Ct. 1389, 155 L.Ed. 2d 349 (2003)

*Schollenberger v Sears, Roebuck & Co.*, 925 F. Supp. 1239 (E.D. Mich. 1996)

*Western Cas. & Surety Group*, 140 Mich. App. 516, 364 N.W.2d 367 (1985)

## ARGUMENT:

*E. D. Mich. L.R. 7.1(h)(2)* governs motions for rehearing or reconsideration and directs district courts to grant relief where, "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision". *L.R. 7.1(h)(2)(A); Hansmann v Fid. Invs. Institutional Servs. Co., 326 F.3d 760, 767 (6th Cir. 2003); DiPonio Constr. Co. v Int'l Union of Bricklayers & Allied Craftworkers – Local 9, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010).*

**The Defendant Eck respectfully submits that, by denying his Motion to Dismiss, the Court made mistakes of fact and law, the correction of which, require the dismissal of Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6).***

**First,** the Court incorrectly analyzed the facial plausibility of Plaintiffs' alleged constitutionally protected property interest. This is true for several reasons.

At the outset, the Court <u>clearly erred</u> by: (1) characterizing the Plaintiffs' claimed property interests as involving rights to certificates of occupancy <u>completely divorced from the Plaintiffs' intended use of their properties as commercial retail marijuana establishments</u>; and, (2) using this characterization to distinguish the facts here from the plethora of cases cited by the Defendants which recognize that there is no constitutionally protected right to use, grow, possess, sell, distribute, <u>or operate a business involving</u>, marijuana.

In Michigan, the issuance of what is <u>accurately</u> known as a <u>certificate of **use and occupancy**</u> is, in point of fact, **directly tied and connected** to the landowner's **particular**

4

**intended use**. *M.C.L. § 125.1513*[1]; *Saginaw Housing Comm'n v Bannum, Inc., 2012 U.S. Dist. LEXIS 13320, *29 (W.D. Mich. No. 08-12148, 2/13/12)* [citing John Cameron, Jr., *Michigan Real Property Law, § 19.10* (ICLE 2005) and Edward H. Ziegler, Jr., et al, *Rathkopf's The Law of Zoning and Planning, § 69.24* (West 2011) for the proposition that certificates of occupancy state what uses are permitted in the structure or on the land]. See also: *City of Wyoming v Kragf, 2006 Mich. App. LEXIS 618, *1-2 (No. 255836, 3/9/06)* [property owner violated *M.C.L. §125.1513* by failing to obtain a certificate of use and occupancy before converting gypsum mining location into electronic data storage center]; *Belmarez v Devon, 2006 Mich. App. LEXIS 910, *1-2 (No. 263279, 3/30/06)* [property owner violated *M.C.L. §*

---

[1] "A building or structure hereafter constructed shall not be used or occupied in whole or in part until a certificate of use and occupancy has been issued by the appropriate enforcing agency. A building or structure hereafter altered in whole or in part shall not be used or occupied until such a certificate has been issued, except that a use or occupancy in an already existing building or structure that was not discontinued during its alteration may be continued for 30 days after completion of the alteration without issuance of a certificate of use and occupancy. A certificate of use and occupancy shall be issued by the enforcing agency when the work covered by a building permit has been completed in accordance with the permit, the code and other applicable laws and ordinances. On request of a holder of a building permit the enforcing agency may issue a temporary certificate of use and occupancy for a building or structure, or part thereof, before the entire work covered by the building permit has been completed, if the parts of the building or structure to be covered by the certificate may be occupied before completion of all the work in accordance with the permit, the code and other applicable laws and ordinances, without endangering the health or safety of the occupants or users. When a building or structure is entitled thereto, the enforcing agency shall issue a certificate of use and occupancy within 5 business days after receipt of a written application therefor on a form to be prescribed by the enforcing agency and payment of the fee to be established by it. The certificate of use and occupancy shall certify that the building or structure has been constructed in accordance with the building permit, the code and other applicable laws and ordinances. The application for a certificate of use and occupancy for a new dwelling with a unit or units for rent shall set forth the information required in an application for a certificate of compliance for such a dwelling pursuant to the state housing law, and the certificate of use and occupancy for such a dwelling shall be deemed its initial certificate of compliance. The enforcing agency shall give the owner of the building or structure or his agent at least 12 hours' notice of the time of any final inspection, by the enforcing agency of the work covered by the building permit, pursuant to the application for a certificate of use and occupancy (emphasis supplied)."

5

*125.1513* by failing to obtain a certificate of use and occupancy before converting pole bar into rental apartments].

The Court also <u>clearly erred</u> by concluding that: (1) all of the cases cited by the defense holding that there is no protected private property interest associated with marijuana involved either a patient card or confiscated marijuana; and, (2) the Defendants conflate a property right to sell marijuana with the separate property right to a certificate of occupancy.

As has been discussed, in this case, Plaintiffs' intended uses of their properties to sell marijuana is <u>inseparable</u> from their property rights to certificates of **use and** occupancy. In his Motion to Dismiss, the Defendant Eck cited *River North Props., LLC v City and County of Denver, 2014 U.S. Dist. LEXIS 178206, \*6-8 (D. Colo. No. 13-cv-01410-CAN-CBS, 12/30/14)*, a factually similar case which <u>definitely held</u> that a business owner's purported property interest in obtaining a certificate of occupancy, <u>at its core</u>, relates to a <u>business interest in making money from the sale of marijuana</u> and, therefore, was <u>not</u> protected under the *Due Process Clause.* See also: *Salazar v City of Adelanto, 2020 U.S. Dist. LEXIS 17955, \*19 (C.D. Colo. No. E.D. CV 19-2333-PA-SP, 8/31/20)* [no private person can have a cognizable property interest in marijuana for the purposes of due process]; *Palmer v Mont. HHS, 2021 U.S. Dist. LEXIS 253515, \*8 (D.C. Mont. No.CV 21-38-BLG-SPW-TJC, 12/14/21)* [there is no constitutionally protected property interest in marijuana <u>or potential business interest based upon marijuana</u>].

6

Separately, the Court erred by relying heavily on the cases of *Nasierowski Bros. Investment Co. v City of Sterling Heights,* 949 F.2d 890 (6th Cir. 1991), and *Dorr v City of Ecorse,* 309 Fed. Appx. 270 (6th Cir. 2008).  In sharp contrast to *Nasierowski* and *Dorr,* Plaintiffs have not alleged that they completed or had untaken substantial construction **before** *Hamtramck Ordinance 2021-01* was enacted.  Unlike *Nasierowski* and *Dorr,* Plaintiffs have not alleged that they were unfairly singled out due to vindictive or other improper motives. Unlike *Dorr,* there was no state court order mandating the issuance of the certificates of occupancy when Plaintiffs filed the Complaint.  In *Sequin v Sterling Hgts, 968 F.2d 584, 591 (6th Cir. 1992)* and *Dorman v Twp. of Clinton, 269 Mich. App. 638, 652-654, 714 N.W.2d 350 (2006),* the courts **declined** to follow *Nasierowski* because, akin to the facts in this case: (1) the claimants had not undertaken substantial construction before the new zoning ordinance was adopted; (2) the municipal action was premised upon legitimate governmental interests, such as maintaining characters of neighborhoods; and, (3) there were no allegations that the defendants' actions were not prompted by improper personal motives.

In short, the disposition of the Defendant Eck's Motion to Dismiss should be governed by *Sequin* and *Dorman* and not *Nasierowski* and *Dorr.*

Moreover, the Court's legal analysis wrongly failed to acknowledge the undisputed **and dispositive** fact that Plaintiffs were first time applicants for retail marijuana licenses and certificates of occupancy; neither federal nor Michigan law recognizes a protected property interest in an initial application for any desired government license, permit, etc.  *Board of*

7

*Regents v Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Women's Med. Prof'l Corp v Baird*, 438 F.3d 595. 611 (6th Cir. 2010); *Wojcik v City of Romulus*, 257 F. 3d 600, 609-610 (6th Cir. 2001); *Sanderson v Greenhills*, 726 F. 2d 284, 286 (6th Cir. 1984); *Shamie v Pontiac*, 620 F. 2d 118, 120 (6th Cir. 1980); *Morse v Liquor Control Comm'n*, 319 Mich. 52, 66, 29 N.W.2d 316 (1947); *COEUS, LLC v City of Walled Lake*, 2022 Mich. App. LEXIS 391, *18 (No. 353844, 1/30/22); *Wong v City of City of Riverview*, 126 Mich. App. 589, 592, 337 N.W. 2d 569 (1983).

**In sum, the Court's determination that Plaintiffs plead protected property rights is the result of several mistakes of law which merit correction on reconsideration.**

**Second,** even assuming that an unconstitutional deprivation of a protected property interest is well-plead, the Court <u>clearly erred by absolutely **failing** to consider</u> Defendant Eck's <u>alternative and affirmative argument</u> that Plaintiffs' substantive due process <u>claims are facially implausible</u> because of the <u>total absence</u> of **specific** allegations of arbitrary and capricious acts and omissions on the part of executive official Eck, **separate and distinct** from the actions of other Hamtramck executive and legislative officials.

To be actionable under a substantive due process theory, an alleged abuse of power by an executive, administrative, or ministerial official <u>must</u> shock the conscience. *City of Sacramento v Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998). To rise to this level, there <u>must</u> be allegations and evidence of the <u>most egregious, brutal and offensive official conduct amounting to an **absolute abuse** of power or oppression</u>. *Lewis, 523 U.S. at*

8

846, 850; *Collins v City of Harker Heights*, 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed. 2d 261 (1992); *Guertin v State*, 912 F.3d 907, 923 (6th Cir. 2019). There is no constitutional guarantee that local executive officials will avoid bad choices or errors, regardless of the actual impact. *Greenholtz v Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L. Ed. 2d 668 (1979); *Meachum v Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed. 2d 451 (1976), *Guertin*, 912 F.3d at 924-925. Actions by an executive official are not arbitrary or capricious in the constitutional sense when the official is merely administrating or enforcing a law or rule. *Guertin*, 912 F.3d at 925-926; *EJS Props. v Toledo*, 698 F.3d 845, 862 (6th Cir. 2012); *Hunt v Sycamore Cmty Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 542 (6th Cir. 2008). The Sixth Circuit has firmly limited the liability of executive officials to cases involving physical abuse or physical violations of rights of privacy and bodily security. *Lillard v Shelby Cnty Bd. of Educ.*, 76 F.3d 716, 725-726 (6th Cir. 1996); *Mansfield Apt. Owners Ass'n v Mansfield*, 988 F. 2d 1469, 1478 (6th Cir. 1993); *Cassady v Tackett*, 938 F.2d 693, 698 (6th Cir. 1991); *Braley v Pontiac*, 906 F.2d 220, 225-226 (6th Cir. 1990); *Webb v McCullough*, 828 F.2d 1151, 1154-1159 (6th Cir. 1987)

In the specific context of local zoning and property use ordinances or rules, the Supreme Court and Sixth Circuit have placed a heavy burden upon plaintiffs challenging the an executive official's ministerial or administrative actions; in particular: there must be allegations and evidence that the official's actions were not supported by any rational basis or were so willful and unreasonable as to constitute an utter failure to exercise judgment and a total disregard

9

of relevant facts and controlling law. *City of Cuyahoga Falls. Ohio v Buckeye Comm. Hope Foundation, 538 U.S. 188, 192, 198-199, 123 S.Ct. 1389, 155 L.Ed. 2d 349 (2003)* [city engineer's refusal to issue a building permit "eminently rational" and, hence, inactionable, since issuance would have violated a city ordinance]; *Nectow v Cambridge, 277 U.S. 183, 187-188, 48 S.Ct. 447, 72 L.Ed. 2d (1928)*; *EJS Props., 698 F. 3d at 861-862* [a citizen does not suffer a constitutional deprivation every time the intended use of property is impeded by local officials]; *Pearson v City of Grand Blanc, 961 F.2d 1211, 1222 (6th Cir. 1992).*

In this case, Plaintiffs do not, as required, allege that executive official Bruce Eck engaged in physical abuse or physical violation of Plaintiffs' rights of privacy or bodily security or otherwise committed such egregious, brutal, and offensive conduct amounting to a total abuse of power or oppression. This fact, alone, **requires dismissal** of their claims against Eck. *Lillard, supra; Mansfield Apt. Owners, supra; Cassady, supra; Braley, supra; Webb, supra.*

Discretely but equally **dispositive** is the fact that Plaintiffs specifically and explicitly allege that: (1) Eck's unconstitutional actions, as the building department official tasked to respond to Plaintiffs' demands for certificates of occupancy, arise solely out of executive ministerial and administrative duties in administrating and enforcing *Hamtramck Ordinance 2021-01* and *MCL §125.1513* [Complaint, ECF 1, ¶¶4, 27, 29-30, 36, 38, PgID 2, 6, 7]; and, (2) Eck denied the requested certificates of occupancy because Plaintiffs' failed to comply with the local and state law [Id., ¶¶35-36, PgID 7]. Under Michigan law, Eck was authorized to issue the certificates if and only if the uses being certified by Plaintiffs complied with all

10

applicable laws and ordinances – including the local Hamtramck ordinance. *MCL §125.1513; Saginaw Housing Comm'n, supra, at \*20-21, 29; Schollenberger v Sears, Roebuck & Co., 925 F. Supp. 1239, 1246 (E.D. Mich. 1996); City of Wyoming, supra, at \*2, n.1; Belmarez, supra; Western Cas. & Surety Group, 140 Mich. App. 516, 523, 364 N.W.2d 367 (1985).* Hence, as a matter of law, Plaintiffs' own allegations are ***per se* fatal** to their substantive due process claims against the Defendant Eck. *Lewis, supra; Collins, supra; Greenholtz, supra; Meachum., supra; Nectow, supra; Guertin, supra; Pearson, supra; EJS Props., supra; Hunt, supra; Lillard, supra; Mansfield Apt. Owners Ass'n, supra; Cassady, supra; Braley, supra; Webb, supra.* To paraphrase the Sixth Circuit, Plaintiffs did not suffer a constitutional deprivation merely because, while performing ministerial duties, Eck allegedly impeded the intended use of their property. *EJS Props., supra.* To paraphrase the Supreme Court, Eck's refusal to issue the certificates of occupancy was eminently rational since issuance would have violated local and state law and, therefore, Eck's actions cannot be characterized as arbitrary and capricious for substantive due process purposes. *City of Cuyahoga Falls, supra.*

Finally, this Court failed to address legal authority recognizing that the substantive due process claims against Eck, being predicated exclusively upon the ministerial denial of a certificate of use and occupancy, are frivolous. *DeKalb Stone v Cnty of Dekalb, 106 F.3d 956, 960 (11th Cir. 1997); Boatman v Town of Oakland, 76 F.3d 341, 342-346 (11th Cir. 1996); McKinney v Pate, 20 F.3d 1550, 1555-156 (11th Cir. 1994), cert. den., 513 U.S. 1110, 115*

11

*S.Ct. 898, 130 L.Ed.2d 783 (1995); Burns v Town of Palm Beach, 2018 U.S. Dist. LEXIS 118437, \*852 (S.D. Fla. No. 17-CV-81152-BLLOM/REINHART, 7/13/18).*

**In sum, as alleged, Eck's actions were <u>eminently rational</u> and do <u>not</u> meet the high bar of arbitrary and capricious conduct required when pleading unconstitutional executive action.**

**In conclusion,** when denying the Motion to Dismiss filed on behalf of the Defendant Eck, the Court made mistakes of fact and law. Pursuant to *L.R. 7.1(h)(2),* the Defendant Eck respectfully requests that the Court correct the errors by issuing a new Opinion and Order dismissing Plaintiffs' Complaint pursuant to *Fed. R. Civ. Pro. 12(b)(6).*

Respectfully submitted,

/s/ Michelle A. Thomas
**DICKIE, McCAMEY & CHILCOTE,**
Attorneys for Bruce Eck
89 Kercheval Ave., Suite 200
Grosse Pointe Farms, MI 48236
313.308.2041 (phone)
888.811.7144 (fax)
mathomas@dmclaw.com
P35135

Dated: July 21, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notice of such filing to the following: Plaintiffs' and Defendants' Counsel and I hereby certify that I have mailed by U.S. Mail the document to the following non-ECF participants: None.

/s/ Lesli A. Dunham
Legal Assistant

14772395.2