UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATURALE & CO. and
HAMTRAMCK INVESTMENT GROUP, INC.,

                                   Case No. 21-cv-12451

       Plaintiffs,

vs.                                Hon. Shalina D. Kumar

CITY OF HAMTRAMCK
BUILDING OFFICIAL BRUCE ECK,
in his individual capacity,
and THE CITY OF HAMTRAMCK,
Jointly and Severally,

        Defendants.
_____

| | |
|---|---|
| ERNST LAW FIRM, PLC | SCHENK & BRUETSCH |
| Kevin Ernst (P44223) | David Jones (P57103) |
| Hannah Fielstra (P82101) | Counsel for City of Hamtramck Only |
| Counsel for Plaintiff | 211 W. Forst, Suite 1410 |
| 645 Griswold, Suite 4100 | Detroit, MI 48226 |
| Hamtramck, Michigan 48226 | (313) 774-1000 |
| (313) 965-5555 | david.jones@sbdetroit.com |
| kevin@ernstlawplc.com | |
| hannah@ernstlawplc.com | GREGORY I. THOMAS (P32488) |
| | MICHELLE A. THOMAS (P35135) |
| | DICKIE, MCCAMEY, & CHILCOTE, PC |
| | Attorneys for Bruce Eck |
| | 89 Kercheval Avenue, Suite 200 |
| | Grosse Pointe Farms, MI 48236 |
| | (313) 308-2030 / (888) 811-7144 - fax |
| | gthomas@dmclaw.com |

_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND JURY DEMAND

Plaintiffs, through counsel, state as follows in support of their First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B):

## VENUE AND JURISDICTION

1. Plaintiffs were at all times relevant hereto, Michigan for-profit corporations incorporated under the laws of the State of Michigan located in the Eastern District of Michigan.

2. The cause of action arose in the City of Hamtramck, Michigan, in the Eastern District of Michigan.

3. The City of Hamtramck is a municipal corporation and political subdivision of the State of Michigan.

4. Defendant BRUCE ECK was at all times relevant hereto a Hamtramck Building Official acting under color of state law, and pursuant to the policies, practices, customs, and usages of the Hamtramck Building/Zoning Department and is being sued in his individual capacity.

5. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## FACTUAL ALLEGATIONS

6. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

7. On November 16, 2020, Hamtramck City Clerk August Gitschlag issued Plaintiff Naturale & Co. ("Naturale") an attestation letter for a marijuana establishment at 9737 Joseph Campau, Hamtramck, MI, confirming that Hamtramck did not ban marijuana establishments

8. Plaintiff Naturale then incurred a nonrefundable $6,000 license application fee paid to Michigan Marijuana Regulatory Agency (MRA).

9. Plaintiff Naturale then hired an architect firm, Imagine Design, for $11,800 to create a marijuana facility plan for its marijuana facility at 9737 Joseph Campau, including compliance with the exacting specifications required by the MRA and submitted the plan to Hamtramck and the MRA for approval.

10. On December 20, 2020, Hamtramck approved Naturale's marijuana facility plan and issued a building permit after charging Naturale $1,107.

11. Upon receiving its permit, Plaintiff Naturale immediately began its demo and buildout, incurring $105,000 in the first draw paid to its contractor, Gumma Group.

12. On February 4, 2021, Hamtramck Investment Group, Inc. ("HIG") was formed with the intent to open a marijuana retail location at 11667 Joseph Campau in Hamtramck.

13. On that same day, HIG representatives Tim Campbell and Steven Ostrowitz met with Hamtramck City Clerk August Gitschlag. Gitschlag told HIG that if

it obtained an Attestation 2-C signed by February 5, 2021, HIG would be grandfathered in under the zoning ordinance in effect in the event of any subsequent zoning ordinance banning marijuana establishments and could be permitted to operate a marijuana facility at 11667 Joseph Campau in Hamtramck, MI.

14. Gitschlag signed the Attestation 2-C for HIG on February 4, 2021 to operate a marijuana establishment at 11667 Joseph Campau.

15. John Mackewich, another HIG representative, subsequently spoke with August Gitschlag via telephone to confirm that HIG would be grandfathered in if any subsequent ordinance prohibiting marijuana facilities were ratified. Gitschlag confirmed that it would.

16. Relying on the City Clerk's assurances, HIG then applied to the MRA for its prequalification status, incurring the nonrefundable $6,000 application fee

17. Immediately after obtaining the Attestation 2-C from the City Clerk, HIG hired ECO Architect Designs to create a marijuana facility plan, including compliance with the exacting specifications required by the MRA at a cost of $26,800, and submitted the plan to Hamtramck for approval.

18. On February 12, 2021, a Hamtramck City Council vote resulted in an ordinance prohibiting all additional recreational marijuana facilities within the

4

City, outside of the three that were currently in operation in Hamtramck as of February 12, 2021.

19. Despite the new ordinance, Hamtramck continued to issue permits to Naturale to complete the buildout of the marijuana establishment and continued to accept money for the permits.

20. On April 9, 2021, Hamtramck issued an electrical permit for 9731 Jos Campau, at a cost of $290 which was incurred by Plaintiff Naturale.

21. On June 7, 2021, Hamtramck issued a plumbing permit for 9737 Jos Campau at a cost of $215 which was incurred by Plaintiff Naturale.

22. Naturale continued its buildout and continued to make its lease payments, incurring over $467,000 in costs to date.

23. On July 12, 2021, Hamtramck approved HIG's marijuana facility plan and issued a building permit to HIG for 11667 Jos Campau after HIG paid approximately **$**1,970 for permit fees. The permit window card provided: "RENOVATION OF INTERIOR 3,000 SQ. FT FACILITY TO ACCOMMODATE A MARIJUANA FACILITY".

24. HIG then commenced the demo and buildout of 11667 Joseph Campau incurring some $637,000 in costs to date.

25. On August 18, 2021, Defendants posted a **Do Not Occupy** notice on HIG's storefront.

26. On August 26, 2021, the Hamtramck Building Department signed off on the final inspection, indicating that the permit for 11667 Jos Campau had been finalized.

27. However, in the first week of September 2021, Defendant's agent, on information and belief Defendant Eck, telephoned HIG and told them that HIG would not receive a certificate of occupancy because it was not licensed by the MRA.

28. Plaintiffs' information and belief is based on information uniquely in the custody and control of Defendants.

29. The MRA requires a certificate of occupancy and its own final inspection before issuing a license to operate.

30. In early September of 2021, City of Hamtramck building inspector, Bruce Eck, without any explanation, notified Naturale's landlord that it would not issue a certificate of occupancy for 9737 Joseph Campau and would not put the reasons for the denial in writing.

31. However, on September 15, 2021, Hamtramck issued Naturale a building permit for the exterior of 9737 Jos Campau and charged for same.

32. On October 7, 2021, Hamtramck issued Naturale a mechanical permit for 9737 Jos Campau and charged for same.

6

33. In August of 2022, the City of Hamtramck conducted a final inspection, which Plaintiffs passed, and issued certificates of occupancy for both Naturale & Co. and HIG.

34. On October 28, 2022, Naturale & Co. had a pre-license inspection conducted by the State of Michigan MRA, which it passed.

35. When the State of Michigan sought the City's final approval for Naturale & Co. to operate as a marijuana facility in the City, the City gave its approval through its clerk, Rana Faraj.

36. On November 2, 2022, the State determined that Naturale & Co. was qualified to receive a state license.

37. On November 2, 2022, Naturale & Co. attempted to obtain its business license from the City, however, the City would not give Naturale & Co. its business license.

38. One day later, on November 3, 2022, the City notified the State that Naturale is noncompliant with its City Ordinance and revoked its approval.  The State gave Naturale the option to withdraw its license application by November 7, 2022 or the State would deny Naturale's application, subjecting Naturale & Co. to a penalty that would prohibit them from reapplying for a license with the State for one year.

7

39. Plaintiff HIG applied for an inspection with the State, which as of the date of this filing, has not been scheduled.

40. The City of Hamtramck has refused to give both Naturale & Co. and HIG their business licenses.

## COUNT I: FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS VIOLATION

41.  Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

42. The actions and/or omissions of Defendants Eck and Hamtramck as described above constitute violation of due process under the Fourteenth Amendment to the United States Constitution.

43. Plaintiffs had constitutionally protected property interests in their building permits and certificates of occupancy and business licenses for their retail marijuana establishments.

44. Defendants arbitrarily and capriciously denied Plaintiffs their certificates of occupancy and their business licenses when they failed to follow their own ordinance mandating the issuance of certificates of occupancy when a party complied with all zoning requirements in effect when a building permit is issued.

45. Defendant Hamtramck arbitrarily and capriciously denied Plaintiffs their certificates of occupancy and business licenses when they revoked and

confiscated their building permits by passing a new zoning ordinance that prohibited the use that was allowed under the prior zoning ordinance for which Plaintiffs obtained their building permits.

46. The right to be free from arbitrary and capricious zoning decisions as set forth above was clearly established at the time of the constitutional violations, and any reasonable city official should have been aware of Plaintiff's rights and should have recognized his actions violated said rights.

## COUNT II: MONELL LIABILITY
*(As to Defendant City of Hamtramck)*

47. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

48. The violation of Plaintiffs' substantive due process was directly caused by Defendant City of Hamtramck's zoning ordinance which prohibited uses allowed by a previous zoning ordinance under which Plaintiffs' building permits were issued.

49. Given that the City has since vetoed the Plaintiffs' license application and denied Plaintiffs' business licenses, Plaintiffs' substantive due process was directly caused by Defendant City of Hamtramck's zoning ordinance.

50. Further, the City Clerk for Hamtramck, Rana Faraj, is an official with final decision-making authority who ratified the City's illegal actions.

9

51.  These unconstitutional policies, practices and/or customs were a driving

force behind the constitutional violations suffered by Plaintiffs.

## INJUNCTIVE RELIEF

52. As a direct and proximate result of the unconstitutional and unlawful actions

of the individual and official Defendants as set forth above, Plaintiffs are

entitled to the following permanent injunctive relief:

    a.  Plaintiff Naturale & Co. is entitled to Hamtramck approving their State

license under the zoning law that existed prior to Ordinance 2021-01

for its retail marijuana establishment located at 9737 Jos Campau,

Hamtramck, MI 48212.

    b.  Plaintiff Naturale & Co. is entitled to a business license upon being

granted their State license for its retail marijuana establishment located

at 9737 Jos Campau, Hamtramck, MI 48212.

    c.  Plaintiff HIG is entitled to Hamtramck approving their State license

under the zoning law that existed prior to Ordinance 2021-01 for its

retail marijuana establishment located at 11667 Jos Campau,

Hamtramck, MI 48212.

      d.  Plaintiff HIG is entitled to a business license upon being granted their State license for its retail marijuana establishment located at 11667 Jos Campau, Hamtramck, MI 48212.

## DAMAGES

53.  As a direct and proximate result of the unconstitutional and unlawful actions of the individual and official Defendants as set forth above, Plaintiffs were caused the following economic and noneconomic injuries and damages, past and future, including but not limited to: costs and expenses incurred in licensing, permitting, demo and constructions; loss of profits, loss of business goodwill, mental anguish, mental and emotional distress.

54. As a result of the Defendants' reprehensible, wanton, oppressive unconstitutional and unlawful actions and/or omissions, Plaintiffs are entitled to recover punitive damages.

55.Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC § 1988.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment for damages against each Defendant, jointly and severally, in whatever amount a jury shall determine is reasonable, fair and just, plus interest, costs and attorney's fees, and that the Court issue a permanent injunction compelling the Defendants to

approve Plaintiffs' State license applications and issue their business licenses as set forth above.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues allowed by law.

Respectfully submitted,

ERNST LAW FIRM, PLC

*/s/ Kevin Ernst*
Kevin Ernst (P44223)
Hannah R. Fielstra (P82101)
kevin@ernstlawplc.com
hannah@ernstlawplc.com

Dated: November 15, 2022